IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONARD SMITH,

   Plaintiff,

v.

WARDEN CARLOS BIVENS,

   Defendant.

Civil Action No.: JRR-24-2654

**MEMORANDUM**

Plaintiff Leonard Smith, who is incarcerated at Roxbury Correctional Institution ("RCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Mr. Smith appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Mr. Smith alleges that on June 27, 2024, he was "call[ed] for the enrolling of school." ECF No. 1 at 2. According to Mr. Smith, he is over the age requirement to enroll and already has a high school diploma. *Id.* RCI staff told him that his diploma was fake and he would receive an infraction if he did not take the test. *Id.* Mr. Smith refused and a disciplinary hearing was held where he was found guilty. *Id.* He states that they "took all [his] days." *Id.* Mr. Smith seeks return of his good conduct credit days and monetary damages for violation of his constitutional rights. *Id.* at 3.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint and to dismiss any complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, Mr. Smith's Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Where a prisoner claims, as Mr. Smith has, that prison officials' misconduct caused him to lose good conduct time credits and lengthen his sentence, the claim is improperly raised in a § 1983 complaint for damages. *See Moskos v. Hardee*, 24 F.4th 289, 294 (4th Cir. 2022). Such a complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "[T]his rule applies not merely to substantive challenges to convictions, but also to those challenges to internal prison procedures that would be 'such as necessarily to imply the invalidity of the judgment.'" *Moskos*, 24 F.4th at 295 (quoting *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)). Mr. Smith makes no showing or allegation that his disciplinary infraction/conviction has been overturned and, as he asks for his credits to be restored, it follows that his conviction has not been invalidated. Therefore, Mr. Smith's claim cannot be raised in the context of a § 1983 suit and must be dismissed.

Mr. Smith is advised that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also*

2

28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Therefore, Mr. Smith's pending Motion for Default Judgment (ECF No. 4) will be denied as moot. A separate Order follows.

Date: 11.21.2024                                        /S/

                                                  Julie R. Rubin
                                                  United States District Judge